(May 17, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KURT BUCHNER, Appellant.—Appeal by permission of this court from a judgment of the County Court of Otsego County, rendered October 20, 1969, upon a verdict convicting defendant of the crime of criminal possession of stolen property, second degree. In the process of executing a search warrant of premises occupied by defendant, certain stolen property was discovered commingled with other property defendant stated belonged to him. The investigating officer, prior to *Miranda* warnings, asked defendant to segregate his property from stolen property by placing them in two separate piles. Defendant obliged and immediately thereafter was placed under arrest. At a pretrial hearing, the court ordered the suppression of the conversation and incriminating statements made by defendant on that occasion, and refused to suppress the testimony concerning his conduct. At the trial, testimony of the actions of defendant in separating the property at the direction of the police officer was allowed.* There was no objection to this testimony by defendant's counsel. It seems to us that this testimony as to the conduct of defendant extends beyond permissible physical tests or actions solicited to obtain physical evidence from an accused, and enters the area where the protection of the privilege against self-incrimination embraces required responses which in effect are equivalent to communications and are verbal acts (cf. *Schmerber* v. *State of California,* 384 U. S. 757, 763). In addition, there was testimony admitted at the trial in violation of the suppression order, also without objection. During the redirect examination of another investigating officer the following answer was given: "A. During the time that Kurt Buchner was dividing what he called his property and the stolen property, this set of tools, he took this set of tools and put it on to the bench or on to the pile where he was putting his property. This was the only item I questioned him on. I said, how can this be your set of tools when it is a set that goes with the stolen chain saw and upon checking it, he opened it completely and found the name and everything on here, Steihl. When he saw the identification he said ' That is right, it does go with the chain saw ' and he agreed to put it on the other pile with the saws." It is clear error exists in this record and it cannot be held harmless. The test, of course, is " whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." (*People* v. *Baker,* 26 N Y 2d 169, 174.) Without this testimony that was erroneously admitted, there was insufficient evidence to establish that appellant had knowledge that the property possessed by him was stolen and, absent adequate proof of such an essential

---

* The transcript of testimony contains the following:
  " Q. And then what, if anything, did you do or say in his presence?
  A. After a short discussion I told him if he cared to do so he could sort the property out and place anything that was stolen, or illegal, in the pile with the chain saws, or anything that was his personal property place it in a separate pile.
  Q. What, if anything, did he do?
  A. He then sorted out different items from drawers and a buffet type cabinet in the barn, putting some in a pile with the chain saws and other property in a pile that he said was his personal property.
  Q. And on this occasion, the 15th of April, 1969, while there at the Devlin farm, did you place him under arrest for criminal possession of stolen property?
  A. Yes."

element of the crime charged, there can be no valid conviction (Penal Law, § 165.45; *People* v. *Colon*, 28 N Y 2d 1). Accordingly, the conviction must be reversed, and a new trial ordered. Judgment reversed, as a matter of discretion in the interest of justice, and a new trial ordered. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.